IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHN W. McGEE, SR.                                                                                          PLAINTIFF

   VS.       CASE NO. 2:14-cv-02230-MEF

KEVIN D. LINDSEY, Chief of Police,
Fort Smith Police Department;
DETECTIVE MICHAEL McCOY;
OFFICER JOSH MIXON; and,
OFFICER GARY HULSEY                                                                                 DEFENDANTS

**MEMORANDUM OPINION**

  Plaintiff, John W. McGee, Sr. ("McGee"), brings this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case has been assigned to the undersigned pursuant to the consent of the parties. (Doc. 13) Presently before the Court is the Motion for Summary Judgment (the "Motion") filed by Defendants. (Doc. 14) Plaintiff has filed no response to the Motion.

**I. Background**

  McGee filed this action on October 28, 2014. His Complaint (Doc. 1) alleges that he was arrested without a warrant and without probable cause. He has sued the Defendant, Kevin D. Lindsey ("Chief Lindsey"), both in his official and personal capacity, and McGee alleges that Lindsey is the Chief of Police and "his omissions breached his duty by arresting me . . . without probable cause was (sic) the proximate cause of Plaintiff's damages herein." (Doc. 1, ¶ IV(B)(1)) As for the other Defendants, Detective Michael McCoy ("Det. McCoy"), Officer Josh Mixon (" Ofc. Mixon"), and Officer Gary Hulsey ("Ofc. Hulsey"), McGee has sued them in both their official and personal capacities, and he alleges that on October 26, 2012, said Defendants arrested him, "breached [their]

duty without a warrant and probable cause," and as a result he suffered the loss of liberty, emotional distress, waste of time in custody and in defending against the allegations, and the expenditure of money to defend against the allegations and to secure a bond for his release. (Doc. 1, ¶¶ IV(B)(2)-(4)) McGee seeks compensatory and punitive damages. (Doc. 1, ¶ VII)

Defendants filed their Answer to McGee's Complaint on November 20, 2014. (Doc. 11) Defendants state that on October 24, 2012, several officers of the Fort Smith Police Department conducted "Operation Safe Scare II" for the purpose of verifying the addresses of sex offenders living within the City of Fort Smith. This process, Defendants allege, is conducted periodically and included a list of all known sex offenders living in the City, including but not limited to, McGee, in that McGee had been previously convicted of raping a 74 year old woman and, upon his release from the Arkansas Department of Corrections, had been classified as a Level 3 sex offender. (Doc. 11, ¶ 2) A copy of the Judgment of McGee's October 15, 1982 conviction for rape is attached to Defendants' Answer. (Doc. 11, Exhibit 1) A copy of the Risk Assessment and Offender Profile Report classifying McGee as a Level 3 sex offender is also attached to Defendants' Answer. (Doc. 11, Exhibit 2)

Defendant police officers allege that they went to the address McGee had listed as his permanent residence, i.e. 3915 Rowe Avenue, Fort Smith, Arkansas, to verify that he actually lived there, and that McGee was not there. (Doc. 11, ¶ 2) The officers allege that a neighbor, Marion Keene, advised them that while McGee still rented the apartment he had not been staying there, that he would come by to get his mail, but that he had not been staying at the apartment for the past couple of months. (Doc. 11, ¶ 2) It is further alleged that later that afternoon another neighbor, Kevin Mallard, confirmed to Det. McCoy that McGee had not been staying at the apartment for the past

couple of months. (Doc. 11, ¶ 2) It is alleged that two days later on October 26, 2012, Officers Mixon and Hulsey went to 3915 Rowe Avenue to set up surveillance on the residence and, consistent with the information obtained from the neighbors, they observed McGee drive up to the mailbox (which was some distance from the residence) to get his mail, and upon leaving Plaintiff was stopped by the officers and taken into custody. (Doc. 11, ¶ 2)

Defendants state that McGee subsequently submitted to an interview by Det. McCoy, at which time McGee confirmed that he had been staying with his girlfriend because she has health problems, and that while he "lives" at 3915 Rowe Avenue, he also stayed with friends on numerous occasions and he would allow friends to stay the weekend at his apartment when he was not there. (Doc. 11, ¶ 2) A copy of the Incident Report relating to the Officers' contact with the neighbors and relating to Plaintiff's October 26, 2012 arrest is attached to Defendants' Answer. (Doc. 11, Exhibit 3)

Defendants assert that McGee's arrest on October 26, 2012 was based on the reasonable belief that McGee had violated the provisions of A.C.A. § 12-12-906(g)(3)(J) in that McGee had failed to provide the address of any current temporary residence. (Doc. 11, ¶ 3) Defendants admit that the case against McGee was ultimately nolle prossed by the Sebastian County Prosecuting Attorney, because of the unavailability of the two neighbor witnesses, but that said dismissal does not alter the fact that there was a reasonable basis for McGee's arrest in the first place. (Doc. 11, ¶ 3) Defendants affirmatively state that they complied with the requirements of A.C.A. § 12-12-912(c) which provides that "[a] law enforcement officer shall arrest a sex offender when . . . the officer has reasonable grounds for believing that a sex offender . . . has not reported a change of address in violation" of the Arkansas Sex Offender Registration Act, a Class C felony. (Doc. 11, ¶ 3)

Defendants also affirmatively state that they are immune from civil liability, pursuant to A.C.A. § 12-12-920, in that they acted in good faith. (Doc. 11, ¶ 3)

Det. McCoy, Ofc. Mixon and Ofc. Hulsey allege that as to any allegations against them in their individual capacity, they are entitled to qualified immunity for any action they may have taken in that they acted reasonably under the circumstances and in good faith. (Doc. 11, ¶ 4)

Answering further, Defendants state that as to any of McGee's allegations that may sound in negligence that they are entitled to absolute immunity from suit pursuant to A.C.A. § 21-9-301. (Doc. 11, ¶ 5)

Chief Lindsey admits that at the time of McGee's arrest he was the Chief of Police for the City of Fort Smith, but he avers that he had no personal involvement in the arrest and should be dismissed from the lawsuit. (Doc. 11, ¶ 6)

Det. McCoy, Ofc. Mixon and Ofc. Hulsey state that they are not policymakers for the City of Fort Smith, and thus there is no policy, custom or usage that has been alleged or might be alleged which might subject the City of Fort Smith to liability, and so McGee's claims against them in their official capacity should be dismissed. (Doc. 11, ¶ 6)

On January 13, 2015, Defendants filed a Motion for Summary Judgment. (Doc. 14) The Motion alleges that there are no material facts in dispute based upon the allegations of the pleadings and the supporting affidavits and documents, and that summary judgment should be entered in favor of all Defendants. McGee has not responded to the Motion.

## II. Discussion

Pursuant to 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes

to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ." Thus, a § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). McGee alleges that the Defendants, acting in their official and personal capacities, have deprived him of liberty by falsely arresting him and causing him to suffer damages for which he seeks redress. For the reasons and upon the authorities discussed below, McGee's Complaint against the Defendants is subject to summary dismissal.

### A. Standard of Review

Summary judgment is proper if the evidence, viewed in the light most favorable to the non-moving party, demonstrates that no genuine issue of material fact exists and the non-moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Thomas v. Union Pac. R. R. Co.*, 308 F.3d 891, 893 (8th Cir. 2002). If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir. 1978). The summary judgment procedure is not a "disfavored procedural shortcut;" but rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

The non-moving party is required to go beyond the pleadings, and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id*. Although the burden of demonstrating the absence of any genuine issue

of material fact rests on the movant, the non-moving party "may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Gibson v. American Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012) (quoting *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008). A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### B. Existence of Probable Cause for McGee's Arrest

The analysis of whether probable cause existed for McGee's arrest must begin with the Arkansas Sex Offender Registration Act of 1997 ("the Act"), codified at A.C.A. §§ 12-12-901 *et seq*. Definitions used in the Act are set forth in A.C.A. § 12-12-903, and they include the following:

"'Sex offense' includes, but is not limited to: ... (a) Rape, § 5-14-103." (§ 903(12)(A)(i)(a))

"'Change of address' or other words of similar import mean a change of residence or a change for more than thirty (30) days of temporary domicile, . . . or any other change that alters where a sex offender regularly spends a substantial amount of time." (§ 903(4))

"'Residency' means the place where a person lives notwithstanding that there may be an intent to move or return at some future date to another place." (§ 903(10)(A))

"'Residency' also includes: . . . A temporary residence or domicile in which a person resides for an aggregate of five (5) or more consecutive days during a calendar year." (§ 903(10)(B)(iv))

Pursuant to A.C.A. § 12-12-904(a)(1)(A), "[a] person is guilty of a Class C felony who: ... (ii) Fails to report a change of address, ... as required under this subchapter . . ."

The Act further provides that "[b]efore a change of address within the state, a sex offender

shall report the change of address to the local law enforcement agency having jurisdiction no later than ten (10) days before the sex offender establishes residency or is temporarily domiciled at the new address." A.C.A. § 12-12-909(b)(1)(A).

A law enforcement officer *shall* arrest a sex offender when the officer "has reasonable grounds for believing that a sex offender is not registered or has not reported a change of address" in violation of the Act. A.C.A. § 12-12-912(c).

Finally, the Act also contains a provision that "[p]ublic officials, public employees, and public agencies are immune from civil liability for good faith conduct under this subchapter." A.C.A. § 12-12-920(a).

It is alleged by McGee, and admitted by Defendants, that McGee was arrested without a warrant, so the Court must also consider Rule 4.1, Ark. R. Crim. P., relating to authority to arrest without a warrant. Rule 4.1(a), in pertinent part, provides: "[a] law enforcement officer may arrest a person without a warrant if: (i) the officer has reasonable cause to believe that such person has committed a felony; ... (v) the officer is otherwise authorized by law."

"A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause." *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010) (quoting *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008)). Whether the police had probable cause at the time of McGee's arrest is a question of law for the court to decide. *Id*. "An officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Id*. (quoting *United States v. Torres-Lona*, 491 F.3d 750, 755 (8th Cir. 2007). "To determine the existence of probable cause, we look at the totality of circumstances as set forth in the information available to the officers at the

time of arrest." *Id*. (quoting *United States v. Kelly*, 329 F.3d 624, 628 (8th Cir. 2003). "As probable cause is determined at the moment the arrest is made, any later developed facts are irrelevant to the probable cause analysis for an arrest." *Id*. (quoting *Amrine*, 522 F.3d at 832).

On October 24, 2012, Officers Mixon and Hulsey were sent to 3915 Rowe Avenue in Fort Smith to verify McGee's address. They did not find McGee. A tenant in the same apartment building as that listed for McGee, Marian Keene, came out to talk to the officers. She said she knew McGee, but that he had not been staying at the apartment for some time. She reported that McGee would simply come to the mailbox situated by the curb, get his mail, and leave. Officers Mixon and Hulsey relayed this information on to Det. McCoy. These facts are set forth in the Affidavits of Ofc. Mixon and Ofc. Hulsey. (Doc. 15, Exhibits 2, 3) Later that same day, Det. McCoy went to 3915 Rowe Avenue, Fort Smith to investigate. Det. McCoy also talked with Ms. Keene, and with another neighbor, Kevin Mallard, who indicated that while McGee rented the apartment at 3915 Rowe Avenue, he had not routinely been staying there for about the previous two months. Affidavit of Det. McCoy. (Doc. 15, Exhibit 1)

Based on the information the officers obtained from Ms. Keene, based on the officers' failure to find McGee at the residence, and, based on the information Det. McCoy obtained from Ms. Keene and Mr. Mallard, the officers returned to 3915 Rowe Avenue on October 26, 2012 to set up surveillance. After being there for a period of time, they saw McGee come to the residence, get his mail from the mailbox next to the street and start to leave, which was consistent with what the two neighbors had reported. Affidavits of Ofc. Mixon and Ofc. Hulsey. (Doc. 15, Exhibits 2, 3) At that point, believing that McGee, although listing 3915 Rowe Avenue as his residence was also temporarily residing elsewhere, and that he had not furnished information as to that temporary

residence as required by law, the officers stopped McGee and took him into custody on reasonable suspicion that he was in violation of the Arkansas Sex Offender Registration Act, a Class C felony. Affidavits of Ofc. Mixon and Ofc. Hulsey. (Doc. 15, Exhibits 2, 3)

McGee was then brought to the Fort Smith Police Department, and Det. McCoy *Mirandized* him and then interviewed him. During the interview, McGee confirmed that he had been staying at a girlfriend's place because she had health issues. McGee also stated that on other occasions, "it would get dark," and he would stay overnight at the residence of a friend or a relative. It was Det. McCoy's opinion, based on the requirements of the Act, that it was incumbent on McGee to provide FSPD with information as to any such temporary residences and, having failed to do so, that McGee could be charged with violation of the Act, a Class C felony. Affidavit of Det. McCoy. (Doc. 15, Exhibit 1) On October 27, 2012, Det. McCoy executed an Affidavit for Probable Cause, and on that same date it was presented to the Hon. Ben Beland, a Fort Smith District Judge, who determined that probable cause existed for the arrest. (Doc. 15, Exhibit 1, p. 47)

The Court agrees with Judge Beland that probable cause existed for McGee's arrest on suspicion of having violated the Arkansas Sex Offender Registration Act. The undisputed facts and circumstances were sufficient to lead a reasonable police officer to believe that McGee had committed a violation of the Act. McGee, having been previously convicted of rape and being classified as a Level 3 sex offender, was an individual subject to the registration requirements of the Act. Reporting a change of address to local law enforcement was required by the Act for any change of residence, or a change for more than thirty (30) days of temporary domicile, or any other change that alters where a sex offender regularly spends a substantial amount of time. A.C.A. § 12-12-903(4). The information obtained from the two neighbors was that McGee had not been residing at

3915 Rowe Avenue for more than thirty (30) days, and the officers' surveillance of 3915 Rowe Avenue was consistent with what the two neighbors had reported. Further, upon being taken into custody, McGee admitted that he had been spending a substantial amount of time at residences other than his own. Notwithstanding that McGee continued to rent 3915 Rowe Avenue, "residency" also includes "a temporary residence or domicile in which a person resides for an aggregate of five (5) or more consecutive days during a calendar year." A.C.A. § 12-12-903(10)(B)(iv). That McGee had been temporarily residing elsewhere for more than five (5) days, and had not reported the temporary residences as required by the Act, clearly appeared to be the case based upon the totality of the facts and circumstances learned in the officers' investigation. Having reasonable grounds to believe that McGee, a registered sex offender, had not reported a change of address in violation of the Act, and having obtained a judicial determination that probable cause existed, Det. McCoy was obligated to arrest McGee pursuant to the requirements of the Act. *See* A.C.A. § 12-12-912(c).

That the criminal prosecution against McGee was later nolle prossed by the Sebastian County Prosecuting Attorney, due to the unavailablity of the two neighbors as witnesses (Doc. 15, Exhibit 2, p. 9), is not relevant to the analysis of McGee's § 1983 claims against the officers for false arrest. As the Court held in *Fisher*, 619 F.3d at 816, probable cause is determined at the time the arrest is made, and facts developed later are irrelevant to the analysis for the arrest.

Viewing the facts and circumstances in the light most favorable to McGee, the Court concludes that probable cause existed for McGee's arrest for violation of the Arkansas Sex Offender Registration Act. Since probable cause existed for McGee's arrest, the arrest did not violate McGee's Fourth Amendment rights, and the officers are not liable and are entitled to the entry of summary judgment in their favor.

### C. Qualified Immunity

Det. McCoy and Officers Mixon and Hulsey also contend that they are entitled to qualified immunity. (Doc. 15, pp. 5-6) Here, because there is actual probable cause, the Court need not determine whether qualified immunity shields the officers. *Fisher*, 619 F.3d at 818 (citing *Foster v. Metro. Airports Comm'n,* 914 F.2d 1076, 1079 (8th Cir. 1990) ("If probable cause was indeed present, it is not necessary to consider an immunity defense."). Nonetheless, the Court believes that some discussion of qualified immunity in connection with the officers' assertion of "arguable probable cause" is warranted.

Qualified immunity protects police officers from civil liability for any action that does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011) (quoting *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007)). The immunity allows "officers to make reasonable errors," and it provides "ample room for mistaken judgments." *Id*. (internal citations omitted). When determining whether a state official is entitled to qualified immunity, the Court must decide whether the alleged facts demonstrate that his conduct violated a constitutional right and whether that right was clearly established at the time of the violation, the Court having discretion to decide which element to address first. *Id*. A police officer is entitled to qualified immunity even if there is only "arguable probable cause." *Id*. (citing *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005). "Arguable probable cause" exists even where an officer mistakenly arrests a suspect believing it is based on probable cause if the mistake is "objectively reasonable." *Id*. (citing *Amrine*, 522 F.3d at 832).

In the present case, the officers were entitled to rely on what the two neighbors had told them

about McGee not residing at 3915 Rowe Avenue for a couple of months. McGee was not present when the officers went to verify his address, and their surveillance of the residence was consistent with what the neighbors had reported. Upon being taken into custody, *Mirandized* and questioned, McGee admitted to Det. McCoy that he had been staying at a girlfriend's place, and that he would stay overnight at the residence of a friend or a relative on other occasions. Considering such information, a reasonable police officer could have determined from the totality of the facts and circumstances that McGee was not residing at his registered address, that McGee had not informed local law enforcement of his temporary residences, and that McGee was in violation of the Arkansas Sex Offender Registration Act. Further, an Affidavit for Probable Cause was presented to a judicial officer who determined that probable cause existed.

      For the reasons set forth above, the Court has already determined that *actual* probable cause existed for McGee's arrest, and that there is no Fourth Amendment violation. Even if, for the sake of discussion, *actual* probable cause did not exist for McGee's arrest, then certainly at least "*arguable probable cause*" existed, and the officers are entitled to the protection of qualified immunity.

### D. Chief Kevin D. Lindsey

      McGee does not specifically allege that Chief Lindsey had any personal involvement in making the arrest. (Doc. 1) To the extent that McGee's allegation, "defendant Kevin D. Lindsey is the Chief of Police his omissions breached his duty by arresting me the Plaintiff without probable cause . . ." may be so construed, they are directly refuted by the Affidavit of Chief Lindsey which states that "I was not personally involved to any extent in that arrest." (Doc. 15, Exhibit 4, ¶ 1) McGee has not presented any evidence to show otherwise.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994). As explained in *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)):

> "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."

Thus, Chief Lindsey cannot be held liable merely because he is the Chief of Police for the Fort Smith Police Department and has supervisory authority over the other officers involved in making McGee's arrest. As there is no evidence before the Court to show that Chief Lindsey had any personal involvement in, or direct responsibility for, McGee's arrest, McGee's claim against Chief Lindsey fails.

### E. Official Capacity Claims

McGee has brought his claims against the Defendants in both their official and personal capacities. (Doc. 1) He has not, however, alleged that any policy, custom or usage of the Fort Smith Police Department resulted in the alleged deprivation of his constitutional rights, but rather, that the Defendants "breached [their] duty" when they arrested him without a warrant and allegedly without probable cause. (Doc. 1, pp. 3-7) McGee's official capacity claims are without merit and are subject to summary dismissal.

First, to the extent that McGee's claims that the Defendants "breached [their] duty" when

they arrested him without a warrant and allegedly without probable cause sound in negligence, the claims are legally insufficient as a matter of law. Mere negligence is not sufficient to support a cause of action under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon* 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). The proper standard to judge whether police officers' conduct violates an individual's due process rights is recklessness. *Wilson v. Lawrence County*, 260 F.3d 946, 957 (8th Cir. 2001). Citing *Neal v. St. Louis County Board of Police Commissioners*, 217 F.3d 955, 958 (8th Cir. 2000), the Court in *Wilson* reasoned that "in situations where state actors have the opportunity to deliberate various alternatives prior to selecting a course of conduct, such action violates due process if it is done recklessly." *Id*. at 956. There is no allegation that Defendants acted recklessly in arresting McGee without a warrant, nor does the evidence before the Court demonstrate reckless conduct by the Defendants.

Next, under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained in the *Gorman* case:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). *Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362." (Emphasis added.)

"[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee" in cases where a plaintiff claims a municipality has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 405, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626 (1997). Municipal liability in a § 1983 case is limited to conduct which "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [municipal] officers" or results from a custom fairly attributable to the municipality. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36 (1978). While a one time action or decision made on behalf of a governmental entity by a policymaking official may suffice as a policy for purposes of § 1983, that action must come from persons higher in the chain of command than patrol officers. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). As Chief Lindsey's Affidavit reflects (Doc. 15, Exhibit 4, ¶ 5), Det. McCoy and Officers Mixon and Hulsey were not in policymaking positions at the Fort Smith Police Department, and McGee's official capacity claims against them fail.

Regarding Chief Lindsey, the evidence before the Court shows that he had no personal involvement in McGee's arrest, and the Fort Smith Police Department policies, consistent with the Arkansas and United States Constitutions, show that there was no policy, custom or usage that violated McGee's rights. (Doc. 15, Exhibit 4, ¶¶ 2-4)

As McGee has not even alleged any unconstitutional policy, custom or usage of the Fort Smith Police Department resulted in a violation of his rights, and the evidence before the Court establishes none, the Defendants are entitled to summary judgment on McGee's official capacity claims.

### III. Conclusion

For the foregoing reasons, the Defendants' Motion for Summary Judgment (Doc. 14) is hereby **GRANTED**, and Plaintiff's Complaint, brought under 42 U.S.C. § 1983, shall be dismissed with prejudice.

Dated this 17th day of July, 2015.

                                              /s/ Mark E. Ford
                                              HONORABLE MARK E. FORD
                                              UNITED STATES MAGISTRATE JUDGE